IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JOE HAND PROMOTIONS, INC.                                                                              PLAINTIFF

V.                                                                              CIVIL ACTION NO. 3:19-cv-182-NBB-RP

BABU L. TEKWANI,
RUPANSHU BOBBY TEKWANI,
AND TEKWANI, LLC, D/B/A
LOCALS RESTAURANT AND BAR                                                                    DEFENDANTS

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

Presently before the court is the Motion for Default Judgment filed by the plaintiff, Joe Hand Promotions, Inc. The court finds that the defendants Babu L. Tekwani, Rupanshu Bobby Tekwani, and Tekwani, LLC, d/b/a Locals Restaurant and Bar were properly served in this matter; that the defendants failed to answer or otherwise defend themselves against the plaintiff's complaint; that the plaintiff is entitled to a judgment by default under Federal Rule of Civil Procedure 55; and that the plaintiff is entitled to statutory damages, enhanced damages, costs, and attorneys' fees as set forth below.

The plaintiff, a distributor of sports and entertainment programming to commercial establishments, filed its complaint in this court on August 20, 2019, against the defendants, alleging the unauthorized and illegal receipt and exhibition of certain closed circuit sports broadcasts without payment of the sublicense fee to plaintiff resulting in five violations of the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605, and one violation of the Copyright Act of the United States, 17 U.S.C. § 101. The plaintiff further alleges that the violations were willful. The defendants were properly served but failed to answer, resulting in a

clerk's entry of default. The plaintiff subsequently moved for default judgment and seeks damages under 47 U.S.C. § 605.[1]

In general terms, § 605(a) prohibits the interception and unauthorized use of interstate communications – commonly referred to as piracy. By default, the defendants have admitted the willful violation of this provision. Section 605(e)(3)(C)(i) provides the civil remedies for such violations and provides for either actual or statutory damages. Enhanced damages are allowed under § 605(e)(3)(C)(ii) for willful violations. The statute states in relevant part:

> Damages awarded by any court under this section shall be computed, at the election of the aggrieved party, in accordance with either of the following subclauses;
> 
> ***
> 
> (II) the party aggrieved may recover an award of statutory damages for each violation of subsection (a) involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just….

47 U.S.C. § 605(e)(3)(C)(i)(II). The plaintiff here requests statutory damages in the amount of $5,000.00 for each violation. The court finds this request excessive under the facts of this case and will instead award $1,000.00 per violation.

The plaintiff also seeks enhanced damages for the willful violations of the Act now admitted by default. The statute provides:

> (ii) In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a).

---

[1] The plaintiff is an aggrieved party under § 553 as well as § 605; however, when a defendant is liable under both sections, an aggrieved plaintiff may recover damages under only one section to avoid double recovery. *See J&J Sports Productions, Inc. v. El Patron Restaurant of Southaven, LLC*, No. 3:14-cv-075-NBB-SAA, 2016 WL 1260787, at *1 n.2 (N.D. Miss. Mar. 30, 2016).

47 U.S.C. § 605(e)(3)(C)(ii).  The plaintiff here seeks enhanced damages in the amount of $15,000.00 per violation.  The court again finds this amount excessive and will award $2,000.00 per violation, an amount which the court finds more reasonable under the facts of this case.

The plaintiff also seeks reasonable attorneys' fees and costs under § 605, to which it is entitled according to the statute:  "The court shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails."  47 U.S.C. § 605(e)(3)(B)(iii).  The plaintiff has submitted sufficient evidence to justify its requested award of $510.00 in costs and $1500.00 in attorneys' fees.  Combining these amounts with the statutory and enhanced damages awarded for each of the five violations, the court finds that the plaintiff is entitled to a judgment in the total of $17,010.00.

It is, therefore, **ORDERED AND ADJUDGED** that plaintiff Joe Hand Promotions, Inc., is entitled to a default judgment in the amount of $17,010.00 against defendants Babu L. Tekwani, Rupanshu Bobby Tekwani, and Tekwani, LLC, d/b/a Locals Restaurant and Bar, and its Motion for Default Judgment is hereby **GRANTED**.  Further, Babu L. Tekwani and Rupanshu Bobby Tekwani are subject to individual liability under 47 U.S.C. § 605.  The Clerk of Court is directed to enter a default judgment accordingly.

This 30th day of September, 2020.

                                                   /s/ Neal Biggers
                                                   NEAL B. BIGGERS, JR.
                                                   UNITED STATES DISTRICT JUDGE